The Chancellor.
William Hollinshead the elder, by his
will duly executed to pass real estate, gave and devised to his son William certain real estate during his natural life ; and at and after the decease of the said devisee, the testator, in and by his said will, directed as follows: “at the decease of my son William I will that his said part of my landed property be given to his surviving children according to law.”
The will is dated in February, 1809. The testator died *34 in November, 1812. William Hollinshead, the devisee, died in March, 1860, leaving two surviving children, a son and a daughter. These were the only children of the devisee, and were both in being at the death of the testator. The only question in the case is, how is the estate to be divided between the surviving children of William Hollinshead, the devisee, under the directions of the will. By the law of 1780, directing the descent of real estates, the sons took two shares, and the daughters one. By the act of 1817, the lands descend to all the children equally, without regard to .sex. The change in the law took plaoe between the death of the testator and the death of the tenant for life. The son now claims that the estate is to be divided “ according to law,” as it stood at the death of the testator, and that consequently he is entitled to two-thirds of the estate, and his sister to one-third only. The daughter claims that the estate must be divided “ according to law,” as it stood at the death of the devisee for life, and that consequently she is entitled to share the estate equally with her brother.
There was no change in the law between the date of the will and the death of the testator, and therefore the question, from what period the will shall be construed to speak does not arise. If this will had been executed previous to the year 1780, when the law of primogeniture still prevailed in this state, and had directed, upon the death of the tenant for life, that the landed property should go to his surviving children, according to law as it now is, or had used any expression indicating a reference to the law then existing, the son would have taken the whole estate, no matter when the testator died; for'the will would have been construed to speak from the time of its execution, not from the death of the testator. 1 Jarman 270.
And the phraseology of the will in the case supposed clearly indicated that the testator referred to the law which then existed, and that his intention was that the estate should be divided according to that law whenever the division .should take place. .But where the will contains no such in *35 dication, but simply directs that the estate shall be divided “ according to law,” it must mean according to law as it exists at the time of the division, or rather of the vesting of the estate. For unless it be divided according to existing law, it is not divided according to law in any sense. Not according to law as it is, but as it once was, which is now no law. It is equivalent to the gift of personalty for life, and then to the persons entitled thereto as the testator’s next of kin, under the statutes for the distribution of the effects of intestates. Horn v. Coleman, 19 Eng. Law Eq. 19; Milne v. Gilbert, 27 Eng. Law & Eq. 344.
Whether the estate is to be divided according to the law as it existed at the death of the testator or at the death of the devisee for life, depends upon the question, whether the estate of the devisees in remainder is vested or contingent. If their estates vested upon the death of the testator, no subsequent change of the law could alter them. If they remained contingent until the death of the devisee for life, the law as it then stood Must regulate the decision.
The limitation over of the estate upon the death of the devisee is to his surviving children, not to those who survive the testator, nor to the Children of the devisee as a class, but to such children of the devisee as shall survive him. This creates a contingent estate. If either of the children had died before the devisee for life, the whole estate would have gone to the survivor. The rule is, that where an interest is given to one for life, and after his death to his surviving children, those only can take who are alive at the time the distribution takes place. Wordsworth v. Wood, 2 Beavan 25; S. C., 4 Mylne & Craig 641; 2 Jarman 646 650: Olney v. Hull, 21 Pick. 311.
The estates of the children being contingent, and not vesting until the death of the devisee for life, they must take their shares “ according to law,” as it then was. They will consequently take each an equal share of the estate.
Decree accordingly.
*36 The case comes before the court upon bill of interpleader, The complainant is entitled to the ordinary decree in her favor with costs. The amount due from the complainant is not questioned. There is no necessity for a reference. A final decree may at once be made. Executors of Condict v. King. As between the defendants, no costs are allowed.
BTote. — The following note is appended to the Chancellor's notes of the argument in the above case.
1. A statute passed after a will is made, and before the death of the testator, by which the law is changed, will operate on the will (ex grd.) to pass after acquired real estate. Depeyster v. Clendening, 8 Paige 295; Bishop v. Bishop, 4 Hill 138; Cushing v. Aylwin, 12 Metc. 169; Pray v. Waterson, 12 Metc. 262; Leveren v. Lamprey, 2 Foster 434.
Contra — Brewster v. McCall, 15 Conn. 274; McCulloch v. Lorider, 5 Watts & Serg. 198.
2. Bequest or devise to testator’s “ next of kin ” vests in those who sustain the character dt his death. 1 Pow. on Dev. 282, n.
So devise for life, and afterwards to testator’s next of kin— those who stand in that relation at the death of testator will be entitled without regard to the fact whether they exist at the period of distribution. 1 Pow. on Dev. 282, n; Harrington v. Hart, 1 Cox 131; 3 Bro. C. C. 234; 3 East 278; 3 Mer. 689.
So if devise be to next of kin, or heir of a person who dies before the testator, the property vests in such of the kin of the devisee as shall happen to be living at death of the testator. 3 Bro. C. C. 224; 1 Jac. & W. 388, n.
If person to whom relation, next of kin, or heir, the gift be made be not dead at death of testator, it will vest in those who shall sustain that character at his death, or, in other words, will belong to those who first answer the description. 1 Vern. 35.
*37 The foregoing cases relate to the period at which the objects of the trusts are to he ascertained.
The rule is the same if the law of descents should be changed between the date of the will and the death of the testator. Wood's Appeal, 6 Harris 478.