THE STATE, ANNA P. MEEKER, PROSECUTRIX, v. IRENE H. MEEKER, GUARDIAN OF HENRY L. MEEKER, ET AL.

1. An infant who has a vested remainder in a large estate to be enjoyed at the death of one in possession, is not a "poor person," within section 30 of *Gen. Stat.*, *p.* 2510, charging upon certain relatives, if of sufficient ability, the relief and maintenance of poor persons not able to work.

2. An order for relief and maintenance, under said statute, must declare and adjudge the existence of the prescribed conditions; must direct the manner of relief and maintenance—not payment of a fixed sum—and must not embrace several poor persons in a joint provision.

On *certiorari* to Essex Sessions.

Argued at June Term, 1897, before Justices DIXON, LUDLOW and COLLINS.

For the prosecutrix, *George F. Tuttle.*

For the defendants, *Joseph A. Beecher.*

The opinion of the court was delivered by

COLLINS, J. The writ in this case brings up an order of the Court of General Quarter Sessions of the Peace of the county of Essex, directing Anna P. Meeker to pay to the guardian of her three infant grandchildren, or to the overseer of the poor of the city of Newark, $10 per week for the equal relief and maintenance of said grandchildren. The infants are the children of a deceased son of the prosecutrix, who is a widow with a large income.

The only foundation for the order is section 30 of the "Act for the settlement and relief of the poor" (*Gen. Stat., p.* 2510), that, among various relatives, if of sufficient ability, charges upon the grandmother of every poor person not able to work, the relief and maintenance of such poor person, in such manner as the Court of Quarter Sessions shall direct.

There are several technical objections to this order. There is no adjudication that the infants are unable to work. The petition admits and the proofs show that one of them does work at $3 weekly wages. The order does not provide for relief and maintenance, but directs payment arbitrarily to the guardian or the overseer of the poor. This is not authorized by the statute. *Ackerman* v. *Ackerman,* 26 *Vroom* 422. The order is joint as to all the infants; it should be several for each by the plain words of the law. It may be doubtful, however, if the causes assigned for reversal cover these defects.

On the merits the prosecutrix must prevail. The infants are not poor persons. They have a vested remainder in an undivided fourth part of the residuary estate of their grandfather, William S. Meeker, deceased, which estate is admittedly worth upwards of $400,000. The grandfather's will was published in 1880. By its fourth clause the residuary estate was given to the testator's wife, the said Anna P. Meeker, for life, for the support of herself and his children. The wife was appointed executrix with power of sale. The ultimate disposition of the estate was thus directed :

"*Fifth.* At the death of my said wife, I give, devise and bequeath all the rest and residue of my estate to my children then living, to be equally divided between them, the child or children of any deceased child to take the parent's share, if any of my said children shall be then dead leaving children."

The testator, at the time of publishing this will, had four children. One of them, William S. Meeker, Jr., the father of said infants, died in 1890. The testator died in 1892. Another child has since died, leaving issue. Testator's living children have, under. the will, only a contingent remainder, but the estate of the grandchildren is a vested remainder. *Price* v. *Sisson*, 2 *Beas.* 168 ; affirmed, 2 *C. E. Gr.* 475.

So far as the estate is in personalty, the interest of the infants may be assigned by their guardian with the assent of a court of competent jurisdiction. So far as it is in realty, there is statutory authority to make it available. The Orphans' Court, where necessary for maintenance or education of infants, may order a sale of land of or to which they are seized or entitled (*Gen. Stat., p.* 1712), and Chancellor Zabriskie seems to have entertained no doubt of his power, under the general act for sale of infants' lands (*Gen. Stat., p.* 1712), to order sale of an estate in remainder, even in a case where he thought the estate might be defeated by death of the infants before the life tenant. *In re Heaton*, 6 *C. E. Gr.* 221. True, in that case he refused to order a sale because of probable sacrifice owing to the supposed cloud on the title and the uncertainty of the duration of the life estate. There is, of

course, that uncertainty here, the life tenant being only sixty-five years of age, and there is the further complication of an outstanding power of sale. Still where it is a question of such a sacrifice or an alternative of leaving the infants deprived of the necessities of life, it is plain that the judicial determination must be in favor of some disposition of their interest in a part of the lands at least.

The order of the Sessions will be set aside, but without costs.