# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

### ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

#### NOVEMBER TERM, 1911.

---

GIDEON LEE STOUT, surviving executor, &c., respondent,

*v.*

MARGARET S. COOK et al., appellants.

[Submitted December 5th, 1910. Decided November 21st, 1911.]

1. Where there is a devise or bequest for life followed by a devise or bequest to the "surviving children" of the testator, at the termination of the life estate, the quoted words mean those of the children of the testator who survive at the death of the life tenant, and unless, on taking the whole will into consideration, the words are plainly used in another sense, they do not include surviving children of predeceased children of the testator.

2. Where a testator ordered his residuary estate to be divided into seven equal parts of which he gave one to each of his sons absolutely, and directed his executors to invest the remaining shares and pay the interest and profits therefrom to his daughters during their lives, and provided that on the death of either of the daughters leaving no child or children

573

her share should be a part of the residue, the interest and profits of which were to be paid in equal proportions to his surviving children during their natural lives, the share of a daughter dying childless goes to the surviving children of testator, and no part of it to the children of predeceased children of testator.

3. Where a testator provides that on the death of one of his daughters without child or children, her share of the residuary estate is to go to his surviving children, the fact that in the event of the death of all other children before the death of a daughter without child or children the testator would die intestate as to such share if the provision of the will be construed as excluding children of predeceased children, does not require a construction giving the children of the predeceased children a share in such remainder.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Howell, whose opinion is reported in 77 *N. J. Eq.* (7 *Buch.*) 153.

*Mr. Halsey M. Barrett* and *Mr. William J. Magie,* for the appellants.

*Mr. John R. Hardin* and *Mr. Joseph D. Lee* (of the New York bar), for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The appeal in this case was filed by the executor and trustee of John W. Stout, deceased (who died in the year 1861), to obtain a construction of the will of the decedent.

After providing for the payment of his debts, and setting aside a portion of his estate for the use of his wife during her life, and making certain bequests of small amounts to friends and relatives, the testator then disposed of his residuary estate as follows:

"The whole residue of my estate I order and direct shall be divided into seven equal parts or shares, and to each of my sons, to wit, Jacob, Thomas and Gideon Lee, I give and bequeath absolutely, and without condition or qualification, one full part or share, and the remainder four shares of the residue of my estate I order and direct my executors, the survivors or survivor of them, to invest at interest on good landed security, and the interest and profits arising therefrom I direct to be paid from time to time as the same may be received in equal shares or propor-

tions to each of my four daughters (their respective receipts to be a full discharge for the same), during their respective natural lives, and on the death of either of my said daughters I give and bequeath her share of the said residue of my estate to the child or children of such deceased daughter in equal shares or proportions; and in case such deceased daughter shall leave no child or children such share shall be esteemed as part of the residue of my estate, the interest and profits of which to be paid in equal proportions to my surviving children during their natural lives, and on their respective deaths the principal to be paid to the child or children of such deceased child, such child or children to take the parent's share."

He then provided that any advancements made to either of his sons-in-law should be deemed and taken as advancements made to the one of his daughters who was the wife of such son-in-law, and should be charged to and deducted from such daughter's share or proportion of his estate; and that any advancements made by him to any of his children should be charged to and deducted from such child's share of his estate. Finally, he provided that the portion of his estate which had been set aside for the benefit of his wife during her life should, at her death, be added to the residue of his estate, and be subject to the provisions of his will touching the same.

The testator's daughter Augusta died in 1907, without leaving a child or children, and the complainant seeks by his bill to be informed by the court which of the testator's lineal descendants, by the true construction of his will, are entitled to take that share of his estate which was invested for the benefit of his daughter Augusta during her life.

But two of the testator's children were living at the time of the death of Augusta, viz., her brothers Gideon Lee and Thomas. Her brother Jacob had died before her, without issue, but leaving an adopted daughter surviving him who is a defendant in this litigation; her three sisters were also dead, each of them having left children who are also parties defendant. Her brother Thomas died during the pendency of this suit, leaving children surviving him, and upon his death his executor was substituted for him as a party defendant. Gideon L. is still living, and has issue who are also defendants herein.

The question to be determined is whether, by the terms of the bequest over

"to my surviving children during their natural lives, and at their respective deaths the principal to be paid to the child or children of such deceased child; such child or children to take the parent's share,"

only those of the testator's children who survived Augusta—that is to say, Gideon L. and Thomas, and their respective children, take the share of the testator's estate which was set apart for the benefit of Augusta during her life, or whether the children of her respective sisters who had predeceased her are also entitled to participate in the distribution of that share; and if, by the true construction of the testator's will, these children are so entitled, then whether the adopted daughter of her deceased brother Jacob is also entitled to share in such distribution.

It is entirely settled by the decisions in this state that where there is a devise or bequest for life, followed by a devise or bequest to the "surviving children" of the testator, at the termination of the life estate, the words "surviving children" are to be taken as meaning those of the children of the testator who are surviving at the death of the life tenant; and that, unless, upon taking the whole will into consideration, the words are plainly used in some other sense, this meaning, which is the ordinary and natural one to be given to them, must prevail. *Ashurst* v. *Potter, 53 N. J. Eq. (8 Dick.) 610; S. C. on appeal, 54 N. J. Eq. (9 Dick.) 699.* Unless, therefore, an examination of the whole will of the testator makes it plain that, in using these words, he did not intend that they should be read in their ordinary and natural sense, the property which was held for the benefit of his daughter Augusta during her life passed at her death to his sons Gideon L. and Thomas for their lives, and to their children after their respective deaths, to the exclusion of all other descendants of the testator. And that this is so is conceded by counsel for the children of the other daughters of the testator, and is not controverted by counsel for the adopted daughter of the son Jacob; but they contend that the natural construction to be given to these words is plainly shown by the general scheme of the will not to be the one intended by the testator, and their claim is that the clear purpose of the testator, as exhibited by a consideration of the whole will, was to bestow this portion of his estate upon those of his children who should survive Augusta,

and upon the issue of those of his children who should have died before her, in equal shares *per stirpes,* in case Augusta should leave no child or children surviving her.

From the previous recital of the provisions of the testator's will it is obvious that no portions of that instrument, except the provision which disposes of the residuary estate, and that which directs the deduction of advancements made to his children and to the husbands of his daughters, throw any light upon his purpose with regard to the participation of his children in his estate. The argument is that those two provisions exhibit "an intention to divide his estate equally between his children, showing no favoritism whatever;" and this intention is said to be made manifest by the fact that he divided his residuary estate, including the portion set aside for his widow during her life, into seven equal parts, and gave to each of his children either outright, or by *stirpes,* one of those equal shares. A like contention was made in the case of *Ashurst* v. *Potter, supra,* where the question before the court involved the construction of a will quite similar in its purport to that now under consideration, and the children of a son of the testator who had predeceased a daughter who died without issue claimed to be entitled to take as the representatives of their father, and was thus dealt with by Vice-Chancellor Emery, before whom the case was heard (opinion, page 613) : "This argument, as applied to the present dispute, seems to me to beg the very question in issue. So far as relates to the original share of the residuary estate, the brothers are put on a basis of equality, both as to shares and extent of estate, but the sister's original share is made unequal in extent by being limited to a life interest. The estate in remainder, in the share given to the sisters, is a new subject of disposition, as to which the testator has disclosed no intention whatever, except by the clause now in dispute. This clause gives the remainder, as he might well have intended to give it, to the surviving brothers and sister of a daughter dying without issue and without reference to the children of a deceased brother. Nowhere in the will have the children of the sons been mentioned as objects of the testator's bounty, and as the words of limitation over in their natural construction exclude these children, the theory that they must be so

37

construed as to include them in order to effectuate a supposed intention of the testator to equalize the brothers and their respective children as to this share, seems to me to be without foundation." The decision in that case was affirmed in this court upon the opinion of the learned vice-chancellor, and the portion just quoted is, consequently, the expression of our view upon the soundness of the argument there made. It seems to us to be dispositive of the present contention, for, although the words used by the testator in the cited case were "her" (that is, his daughter's), "surviving brothers and sisters," the reasoning of the learned vice-chancellor would have been equally applicable had the testator used the words "my surviving children."

It is further contended that the intention of the testator that the issue of a child who should predecease a daughter dying without issue surviving her, should share in the portion of his estate set aside for her benefit, is plainly evidenced by his providing that such portion should be esteemed as part of the residue of his estate, such residue having already been divided into as many shares as he had children. The claim seems to be that such portion was not only thereby directed to become a part of the residue, but was, by necessary inference, to be distributed in the same way in which the original residue was distributed. But this, obviously, is not so. Under the scheme of the will the sons, as has already been pointed out, were to take their shares of the original residue outright, while their interest in that part of the added residue, if they take anything as survivors, is merely the income thereof so long as they shall live, with remainder to their children. In other words, the testator intentionally made a different disposition of so much of his estate as should fall into the residue by reason of the death of a daughter without leaving issue, from that which he made of the primary residuary estate.⌉ Further than this: he dealt with this added portion of the residue upon the theory that no part of its *corpus* would be distributable immediately upon its falling in, for he provided that only the interest and profit should be paid to the first takers of it during their natural lives, and that the *corpus* should then be paid to their respective children, a disposition of it which negatives the idea that the children of deceased children should share in it.

Lastly, it is said that a construction of this will which permits only those of the children of the testator who should survive a daughter dying without leaving children to share in the distribution of that part of his estate which was set apart for her benefit, and excludes children of deceased brothers and sisters from participation therein, cannot be justified because, under such a construction, the testator might readily have died, intestate as to a part of his estate—for example, by the death of all of his children before Augusta—and that it will not be presumed that the testator intended to leave any part of his estate undisposed of. It must be conceded that no presumption of an intention to die intestate as to any part of his estate is allowable, when the words of a testator's will may fairly carry the whole. But, although no such intention will be presumed, it, nevertheless, not infrequently happens that a testator, unintentionally, dies intestate as to some part of his estate, by reason of his failing to contemplate the happening of a contingency which actualy occurs after his death; and, as was said by Lord Chancellor Halsbury in *Inderwick* v. *Tatchell (1903), L. R. App. Cas. 122,* courts are not at liberty, because an event has happened which the testator has not provided for, to disregard the ordinary rule of construction that words must be read according to their natural and reasonable meaning, and inject into the will a provision which the testator would probably have made had he contemplated the happening of the contingency. In the present case a reading of the will satisfies us that the testator did not contemplate the contingency suggested by counsel, and did not attempt to provide against it. We find nothing in any of its provisions which will justify the conclusion that the testator used the words "my surviving children" in other than their ordinary and natural sense; and, therefore, we hold that, by the true construction of the provision under consideration, the two sons of the testator, Gideon L. and Thomas, and their respective children, were alone entitled, upon the death of their sister Augusta, to share in the distribution of that portion of the testator's estate which had been set aside for her benefit during her life.

Reaching this conclusion we hold that the decree appealed from which adjudged that the children of the deceased sisters of the

daughter Augusta were entitled to share in such distribution must be reversed, and a decree in conformity to the views herein expressed must be entered; and it will be so ordered.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, BOGERT, VREDENBURGH, VROOM —9.

*For affirmance*—None.