JOHN R. EMERY, FREDERIC W. STEVENS, EUGENE STEVENSON, EDMUND B. LEAMING, JAMES E. HOWELL, VIVIAN M. LEWIS, JOHN H. BACKES AND JOHN GRIFFIN, VICE-CHANCELLORS.

MARGARET W. TANTUM

*v.*

CATHERINE CAMPBELL et al.

[Decided May 28th, 1914.]

1. J. M. devised certain land to C. C. for life and after her death to the lawful issue of her body begotten, her surviving, in equal shares as tenants in common in fee-simple; but in case she should die without such lawful issue surviving, then to M. and P. as tenants in common, or to the survivors of them.—*Held*, (1) C. C. took an estate for life, with a contingent re-

361

mainder to her issue *in esse* at the time of her death or to M. and P. or the survivor of them for want of such issue alive at the determination of the particular estate; (2) the remainder is contingent as to the person or persons who shall take at the death of the life tenant, and, therefore, the rule in *Shelley's Case,* which is a rule of law and not of construction, does not apply.

2. C. C., the life tenant, and her surviving children, executed two mortgages upon the devised premises. M. M. S., one of the children, died ·leaving a child, L. B. S. On foreclosure of the two mortgages mentioned (with a prior one not here in dispute) L. B. S., who was made a defendant, moved to strike out of the bill the prayer that she may be decreed to pay the complainant's mortgages or be foreclosed of her equity of redemption in the mortgaged premises.—*Held, further,* the motion is tantamount to a demurrer, and a demurrer will lie to the prayer of a bill in chancery. That part of the prayer of the bill in this cause to which objection is made must be struck out, because: As L. B. S.'s mother had only a contingent remainder (with others) at her death, which became extinguished, as to her (mother's) interest, by the happening of that event, she (L. B. S.) inherited nothing from her mother; and, as her great-grandfather by his will created that remainder, which has as yet become a vested remainder in nobody, she has not taken as a purchaser from him; although she may, and will, yet do so, if she survives her grandmother, the life tenant, because she is one of the issue of her grandmother's body begotten, according to the legal meaning of that term, which comprehends issue *ad infinitum* and not that of the body of an immediate ancestor only.

3.·Neither M. M. S., daughter of the life tenant, nor any of her (life tenant's) other children, were empowered by section 19 of the Conveyancing act to dispose of, or in any manner charge, the land described in the bill, they being within the proviso that no person shall be empowered to dispose of (mortgage) any contingent estate where the contingency is as to the person in whom the estate may vest.

---

On motion to strike out part of the prayer of a bill to foreclose.

*Mr. William J. Backes,* for the motion.

*Mr. Charles H. English, contra.*

WALKER, CHANCELLOR.

The bill in this cause was filed to foreclose three mortgages, two of which are' involved in the pending motion; one of the latter made by Catherine Campbell and her then surviving children to James D. Tantum, guardian, January 7th, 1898, and the other by Catherine Campbell and her then surviving children

to James D. Tantum, guardian, November 1st, 1899. All three mortgages became the property of the complainant by virtue of several assignments.

The title to the mortgaged premises was in James McGuire at the time of his death and passed from him by devise. So much of his will as is pertinent to the present inquiry provides as follows:

"I do give and bequeath the said lot of land and the dwelling to be erected thereon, when the same is completed, to my daughter, Catherine, for and during the term of her natural life, to her sole use and benefit, entirely free of any charge or control whatever of any husband she now has or hereafter may have; and after the decease of my said daughter Catherine, I give and devise the said lot of land and dwelling to the lawful issue of her body begotten, her surviving, to hold in equal shares as tenants in common in fee-simple.　　*　　*　　*　　*　　*　　*　　*

"It is my will in case my said daughter, Catherine, shall die without lawful issue of her body begotten, her surviving, and I do in such event give and devise the said lot of land and dwelling to my daughter Mary and my son Phelix in equal shares as tenants in common, or to the survivor of them at the time of the decease of my said daughter Catherine without surviving issue as aforesaid, to hold respectively as follows," &c.

There is no doubt but that Catherine Campbell, daughter of the testator, has but a life estate in the premises. And the question pressing for solution is, did the estate devised to her for life become a vested estate in remainder in her issue *in esse* at the time the devise took effect—that is, upon the death of the devisor, or was the remainder to her issue a contingent one?

It is to be observed that if all of Catherine's issue be dead at the time of her decease, then the land in question will go to the testator's daughter Mary and his son Phelix, or to the survivor of them.

One of the mortgagors in the last two mortgages above mentioned was Mary M. Sweeney, a daughter of Catherine Campbell, the life tenant. Mrs. Sweeney has since died, leaving a daughter, Lida B. Sweeney, one of the defendants, her surviving. Motion is made on behalf of Lida

"to strike out so much of the bill of complaint in the above-entitled cause as prays that this defendant, Lida B. Sweeney, may be decreed to pay to the said complainant the amount due to her on the bonds and

mortgages secondly and thirdly set out in the said bill of complaint, and in default thereof that this defendant may be foreclosed of and from all equity of redemption or claim of, in and to the said mortgaged premises, and that the same be sold to satisfy the amount due on the bonds and mortgages aforesaid, for the following reasons—*first*, because this defendant did not, nor did any person through whom she claims an interest in the said lands create the debt or any part thereof, nor did she, or any person through whom she claims an interest in the said lands, execute or deliver any of the bonds and mortgages aforesaid; *second*, because neither the mother of this defendant nor any of the other children of Catherine Campbell were empowered to dispose of, or in any manner charge, the lands described in the bill of complaint, by the act entitled 'An act to authorize the transfer of estates in expectancy' (*Gen. Stat. p. 381 § 138*), the estate being an estate in expectancy or a contingent estate, where the contingency is as to the person or persons in whom the estate may vest."

This motion is made under rule 213 and is, in effect, a demurrer to the bill and affords a proper opportunity deliberately to determine the merits. *Bigelow* v. *Old Dominion Copper Co., 74 N. J. Eq. 457, 461, 462*. The motion is confined to a portion of the prayer of the bill, and it appears that a demurrer, and, consequently, a motion such as this, will lie to relief prayed in a bill in chancery. *Dan. Ch. Pl. & Pr. *547*. That the general demurrer, in *Hoppock's Executors* v. *United, &c., Railroad Co., 27 N. J. Eq. 286*, was considered as affecting the prayer of the bill is apparent from the language of Chancellor Runyon at the end of his opinion (on *p. 292*), and also from the observation of Mr. Justice Reed, speaking for the court of errors and appeals, in the same case, *sub nom. United, &c., Railroad Co.* v. *Hoppock, 28 N. J. Eq. 261* (at *p. 263*).

The defendant Lida B. Sweeney contends that her contingent estate is not charged with the encumbrances which her mother assumed to create. She claims that she will take immediately from her grandfather as a purchaser, and not immediately from her mother as an heir, upon the death of her grandmother, the life tenant, and therefore her contingent estate, should it ripen into a vested remainder by her outliving her grandmother, will not be charged. These contentions I am bound to support as well founded in law.

As Lida's mother had only a contingent remainder (with others) at her death, which became extinguished, as to her

(mother's) interest, by the happening of that event, she inherited nothing from her mother; and as her grandfather by his will created that remainder, which has as yet vested in nobody, she has not taken as a purchaser from him; although she may, and will, yet do so, if she survives her grandmother, the life tenant, because she is one of the issue of her grandmother's body begotten, according to the legal meaning of that term.

I say that she, Lida B. Sweeney, will have a vested interest in the land if she survives her grandmother, the life tenant; and that is because the term "issue of one's body" means issue *ad infinitum* and not that of the body of an immediate ancestor only.

In the treatise on estates tail in *16 Cyc.* it is laid down (at *p. 608*) :

"Estates tail are estates of inheritance, which, instead of descending to heirs generally, go to the heirs of the donee's body, which means his lawful issue, his children, and through them to his grandchildren in a direct line, so long as his posterity endures in a regular order and course of descent."

And Blackstone observes (*2 Bl. Com. 113*) :

"Tail general is where lands and tenements are given to one, and the heirs of his body begotten; which is called tail-general, because, how often soever such donee in tail be married, his issue in general by all and every such marriage is, in successive order, capable of inheriting the estate tail."

As was said by Vice-Chancellor Leaming in *Coyle* v. *Coyle, 73 N. J. Eq. 528:*

"The word 'issue,' in its ordinary legal meaning, embraces grandchildren and remoter descendants, as well as children. When used in a will, a more restricted meaning may be attributed to it, if, from the terms of the testamentary disposition, it appears that the testator used the word in a particular meaning less general than the ordinary meaning."

See also the remarks of Chancellor Magie in *Inglis* v. *McCook, 68 N. J. Eq. 27, 39.*

In the case at bar I can find no language indicating an intention on the part of the testator to limit the contingent remainder

in the estate devised to the children only of Catherine Campbell; and, no such intention being discoverable in the testament, the word "issue" must be given its usual significance and be held to include all of the descendants of Catherine Campbell. And as the limitation over is to Catherine's lawful issue in equal shares, all of her descendants, at her death, will take *per capita* and not *per stirpes*.

The devise in the case at bar is very like that in *Teets* v. *Weise, 47 N. J. Law 154*, in which it was held by the court of errors and appeals:

"Under a devise of lands to A for her life, and at her death to her children who may be living at the time of her decease, no estate vests in a child who dies before A."

And Mr. Justice Parker, who wrote the opinion for that court, quoting from *Van Tilburgh* v. *Hollinshead, 14 N. J. Eq. 32*, remarked (*47 N. J. Law 156*):

"Chancellor Green said that when the limitation over of the estate upon the death of a devisee is to the surviving children of such devisee, a contingent estate is created, and if a child should die before the devisee for life, the estate passes to the survivors. Perhaps the principle is more clearly stated in the syllabus to that cause, prepared by the chancellor, viz.: 'The rule is that where an interest is given to one for life, and after his death to his surviving children, they only can take who are alive at the time the distribution takes place, and the estate is therefore contingent.' "

The doctrine in *Van Tilburgh* v. *Hollinshead* was expressly approved and applied by Chancellor McGill in *Dutton* v. *Pugh, 45 N. J. Eq. 426*. And he was affirmed by the court of errors and appeals. *S. C., sub nom. Jones* v. *Jones, 46 N. J. Eq. 554*.

Catherine Campbell, the life tenant, is still living, and Mary M. Sweeney, her daughter, one of the makers of the mortgages in question, is dead. The devise was to Catherine for life, and after her death to the lawful issue of her body begotten, her surviving, but should she (Catherine) die without lawful issue her surviving, then over to testator's daughter Mary and son Phelix in equal shares, or to the survivor of them.

It is plainly apparent that the remainder to the issue of Catherine Campbell was contingent as to the persons who should take. I cannot find any intent in the will to vest in the children of the devisee for life an indefeasible estate; therefore, no estate in the land described in the bill vested in the defendant Lida B. Sweeney upon her mother's death.

The complainant insists that the rule in *Shelley's Case* applies, and that Catherine Campbell took a fee-simple or a fee tail under the will of her father; that if section 10 of the statute of descent is applicable, the estate vested in Catherine Campbell, the devisee for life, and in her children equally to be divided between them as tenants in common in fee, after her death; and if section 11 of the statute is applicable, the estate devised being such as would have been an estate in fee tail, Catherine has a vested estate for life, and her children took a vested estate in remainder as tenants in common in fee.

But the rule in *Shelley's Case* does not apply. As was said by Mr. Justice Depue, speaking for the court of errors and appeals, in *Martling* v. *Martling, 55 N. J. Eq. 771* (at *p. 782*) :

"The rule in *Shelley's Case* is a rule of positive law, and not of construction. Where, upon the construction of a grant or devise, the rule is found to be applicable, it cannot be controlled by an expression of a contrary intent. In such cases the devolution of the estate is irresistibly fixed. But whenever the word 'heirs' is used in a conveyance or devise, and the rule in *Shelley's Case* is invoked, a preliminary question arises, whether the word 'heirs' has been used in such a sense as will make the rule in *Shelley's Case* applicable."

And as was said by me, when vice-chancellor, in *Robeson* v. *Duncan, 74 N. J. Eq. 746* (at *p. 749*) :

"Whether or not the rule in *Shelley's Case* applies depends upon the construction of the grant or devise under consideration. *Martling* v. *Martling, 55 N. J. Eq. 771, 782.*

"In my opinion, the estate with which we are here dealing is one in which the limitation over is by way of contingent remainder, and therefore the rule in *Shelley's Case* does not apply."

The devise under consideration having created an estate for life in Catherine Campbell, with remainder to her issue surviving at her death, and, for want of any such survivor, then over to third persons, &c., the contingency being as to the person or persons who shall take at the death of Catherine, who is still alive, there is no room for the operation of the rule in *Shelley's Case.*

The act of March 14th, 1851, now section 19 of "An act respecting conveyances (Revision of 1898)," *Comp. Stat. p. 1539,* does not come in aid of the complainant's case. That act provides that any person may convey by any deed (and a mortgage falls within the description) any contingent interest or other future estate in expectancy in any lands, although the contingency on which such estate is to vest may not have happened, and that every person to whom any such estate shall have been conveyed, his heirs and assigns shall, on the happening of any such contingency, be entitled to stand in the place of the person by whom the same shall have been conveyed; provided, that no person shall be empowered to dispose of any contingent estate or expectancy, where the contingency is as to the person in whom, or in whose heirs the same may vest. As already remarked, the contingency in this case was as to the person. There never was a vesting in fee in Mary M. Sweeney, daughter of Catherine Campbell, the life tenant, as she, Mrs. Sweeney, died in her mother's lifetime. Her contingent estate was always within the proviso of the act of 1851. See *Cantine* v. *Brown, 46 N. J. Law 599.*

The result reached is that that part of the prayer of the bill to which objection is made must be struck out, with costs.