This is a suit brought by the executors of the late Peter Lorillard to determine who is entitled to the principal of a certain fund which was created in accordance with paragraph 11 of the testator's will. The proceeding was regularly brought before the court, and all parties who claim any interest in the fund are named as defendants. I need not recite at length the paragraph in question, as all the defendants are represented by solicitors, and, being thus familiar with it, have sent me their views regarding it. I am satisfied from an examination of the will, which was evidently carefully prepared by a skillful hand, that there can be no doubt as to the testator's intention. The object of the testator in accumulating the income is easily gained from a reading of the paragraph. It was for the purpose of protecting payments to his wife and to his sister-in-law under the terms of the will. He established the fund as a sort of insurance against any deficiency. He set it apart during his wife's life and then provided for its distribution, a distribution upon her death which accords with the intention of the testator readily ascertained from an examination of the entire will, applying the well-settled rules of construction to it. It was not given to anyone before the wife's death. He has fixed a time when this process of accumulation should cease, and that was upon the death of his wife, when there should be a distribution among his children surviving his wife, or their issue, in equal shares. The time arrived for the payment of the retained income, i.e., the death of the widow of Peter Lorillard. It never came in the lifetime of Emily L. Kent and Maud L. Baring, but each left issue surviving at the death of the widow. It appears clear to me that there could be no vested right in them during the lifetime of the wife, but, even if vested, the shares of those not living at the period for distribution became divested and went to the issue, share and share alike. It is well established, for instance, *Page 511 
by our decisions that a gift of a legacy "at" or "when" or "after" a given event occurs vests only upon the happening of the event.
It therefore appears now to be the duty of the executors to divide the reserve fund in the following manner: One-fourth to Pierre Lorillard, son of the testator; one-fourth to grandsons, Pierre Lorillard and Griswold Lorillard, in equal parts; one-fourth to the issue of Emily L. Kent; one-fourth to the issue of Maud L. Baring.
Let an order be entered accordingly.