This is a bill for the construction of the will of the late Joseph Fisch.
The clause in dispute reads as follows:
"All the rest, residue and remainder of my estate, real, personal or mixed, wheresoever situate, I give, devise and bequeath to my executors hereinafter named, in trust for the following uses and purposes:
"1. To pay the net income thereof to my wife, Fannie Fisch, for and during her natural life.
"2. Upon the death of my wife, Fannie Fisch, the corpus of my estate shall be divided into two equal parts, and I give, devise and bequeath one part to my son, Leroy L. Fisch, forever, and one part I give, devise and bequeath to my daughter, Sylvia B. Fisch, forever. The issue of any deceased child taking the share of such child per stirpes."
The widow declined to take the provision for her nominated in the will and filed a dissent in accordance with the provisions of the statute. This, of course, put an end to the life estate. The two children are living and of full age. The daughter filed this bill to compel the executors to turn over to her and to her brother the corpus of the estate. Her contention is that, as the will provides for vested interests in the two children, and as the life estate has been extinguished, there is an acceleration of the time of enjoyment.
The determination of this question depends upon the construction of the words used in subdivision 2 of the 8th clause, to wit, "the issue of any deceased child taking the share of such child per stirpes."
Without these words it is clear that as the estates of the two children are vested and the life estate destroyed, there would be an acceleration of the time of enjoyment. I so decided in the case of Pedrajas v. Bloomfield Trust Co., 101 *Page 748 N.J. Eq. 105, and was affirmed by the court of errors and appeals in Ibid., 803.
This case must, of course, be decided upon what the intent of the testator was, and that intent is to be gathered from the will itself. The law favors vesting, not contingency, and our courts do not usually substitute arbitrary rules for the intention of the testator.
In my opinion the testator intended the provision for the issue to be to continue the gift to the children dying before the termination of the life estate in the manner prescribed by the will or in any other manner to the issue of the child so dying.
The case of Schmieder v. Meyer, decided by the court of errors and appeals in 97 N.J. Eq. 335, has been cited as contrary to this view. I think that case is clearly distinguishable from the one at bar. In the Schmieder Case the court held that the life estate was not extinguished. It approved the general rule that a life tenant may refuse, and so extinguish the estate, and then continued at page 338:
"Such, however, was not the circumstance in this case, as the widow accepted the terms of the will. The widow assigned or agreed to assign her interest to the remaindermen which, in our opinion, did not thereby terminate the life estate. The life estate still continued in existence, for under the provisions of the will the remaindermen take the estate after the widow's death or remarriage, if they survive her."
The language of the will in the Schmieder Case is:
"After the death of my said wife, my said estate shall be divided equally between my said children, share and share alike, and if any child dies leaving lawful issue such grandchild or children shall receive the share or portion of the parent."
The will in this case says:
"Upon the death of my wife, Fannie Fisch, the corpus of my estate shall be divided into two equal parts, and I give, devise and bequeath one part to my son, Leroy L. Fisch, forever, and one part I give, devise and bequeath to my daughter, Sylvia Fisch, forever. The issue of any deceased child taking the share of such child per stirpes." *Page 749 
In the Schmieder will there is no gift to the children of the testator except as contained in the direction to divide. In the will in this case there is, is addition to the direction to divide a specific gift to the children by name and forever. In the Schmieder will, as part of the same clause providing for division among the children, are the words, "and if any child dies leaving lawful issue such grandchild or children shall receive the share or portion of the parent." In this will there is inserted as a separate sentence after the absolute gift to the children forever, the words "the issue of any deceased child taking the share of such child per stirpes."
Where there is a provision for a life estate and a remainder, the postponement of the vesting in possession of the remainder is merely for the purpose of providing for the life estate and upon the elimination of that estate in any manner at all the remainder vests. See Pedrajas v. Bloomfield Trust Co., supra.
The fact that testator, after providing for a remainder to his children upon the death of the life tenant, stated that the issue of a remainderman should take the share of the remainderman, does not mean that he intended a gift over to issue contingent upon the death of the parent before the natural death of the life tenant. Postponement of enjoyment of the remainder is only for the purpose of letting in the particular estate. When a testator provides that the survivors of a class upon the death of the first taker shall take, it does not imply that he has any particular desire that the survivors at any specified time should be the only beneficiaries. The first taker might die immediately after the testator and all of the class would take. What the testator had in mind was, as I see it, that he did not intend that any person should benefit from his estate except the survivors of the class when the estate should vest in possession. He only postpones the vesting in possession for the benefit of the particular estate. And so, when he uses language to the effect that the issue of one of the class shall take, he does not mean that he has a desire to benefit issue apart from members of the class. What *Page 750 
he intended here is the reverse of what he intended when he uses the word "survivor." He meant that the share of any individual of the class should not go to a survivor, but that the line should benefit. He does not mean issue at any particular time, and the postponement is only for the purpose of letting in the particular estate. It is not for the purpose of determining the beneficiaries. If it were not for the purpose of providing for the particular estate, he probably would have left his property directly to the members of the class depending upon them to take care of their issue.
It seems to me that the trust under the will has been terminated.
I shall therefore advise a decree directing the executors to make immediate distribution of the corpus of the estate between the two children, subject to the widow's right of dower.