The complainant seeks the allowance of an order striking out certain paragraphs of the answer filed by the defendants, Fred Davis Rockhill, Mary C. Rockhill and Marion L. Rockhill *Page 280 
The reasons assigned are that the averments of paragraphs 10, 14, 19, 20 and 23 of the answer to the first cause of action and paragraphs 3 and 5 of the answer to the second cause of action are sham and that paragraphs 7 and 11 of the answer to the first cause of action are frivolous. R.S. 2:29-46. The complainant is the trustee in bankruptcy of the estate of Fred Davis Rockhill.
An examination of the bill of complaint discloses that the first alleged cause of action is sought to be erected upon the assumption that the bankrupt, Fred Davis Rockhill, has a vested estate in remainder in the residuary estate of his grandfather, Ivins J. Davis, deceased. Mismanagement in the administration of the estate by the executors (the survivor, a defendant) is charged and an accounting is requested.
It is observed that a copy of the will of the decedent is annexed to and declared to be a part of the bill. The third, fourth, fifth and sixth paragraphs of the will are pertinent. The sixth paragraph reads as follows:
"Sixth, — From and immediately after the decease of my said daughter Mary, (and of my said wife, in case she shall survive our said daughter,) I give, devise and bequeath all of the principal of my said residuary estate, of whatever the same may consist and wherever situate, then remaining, unto my grandchildren, children of my said daughter Mary, then living and the issue of any one or more of such grandchildren as shall be then deceased, leaving lawful issue, him, her or them surviving, share and share alike. Such issue to take the parents share or shares."
The policy of the law requires that legacies in all cases should be deemed to be vested rather than contingent, unless such construction is clearly discordant with the intention of the testator. Fisch v. Fisch, 105 N.J. Eq. 746; 155 Atl. Rep. 146;In re Buzby, 94 N.J. Eq. 151; 118 Atl. Rep. 835; VanDyke's Adm'r
v. Vanderpool's Adm'r, 14 N.J. Eq. 198; Neilson v. Bishop,45 N.J. Eq. 473; 17 Atl. Rep. 962; Clark v. Morehous, 74 N.J. Eq. 658; 70 Atl. Rep. 307.
This rule of construction is not applicable where it is evident that the testator intended that the gift of the remainder should not vest until the death of the life tenant. Teets v. Weise,47 N.J. Law 154; Van Tilburgh v. Hollinshead, *Page 281 14 N.J. Eq. 32; Den v. Sayre, 3 N.J. Law 183; Tantum v.Campbell, 83 N.J. Eq. 361; 91 Atl. Rep. 120; Wunderlich v.Bleyle, 96 N.J. Eq. 135; 125 Atl. Rep. 386; Sadler v.Bergstrom, 113 N.J. Eq. 567; 168 Atl. Rep. 50; Mitchell v.Dodd, 114 Atl. Rep. 801; Stout v. Cook, 79 N.J. Eq. 573;81 Atl. Rep. 821; Lorillard v. Kent, 99 N.J. Eq. 509;133 Atl. Rep. 881; Post v. Herbert's Ex'rs, 27 N.J. Eq. 540; Meeker v.Meeker, 61 N.J. Law 146; 38 Atl. Rep. 749; see, also, Clapp,Wills and Administration in New Jersey § 51, on the rule of intention.
The testator's daughter Mary, a life tenant, is living. She is a defendant in this cause. The present interest or estate of the bankrupt derived from the decedent's will is indubitably contingent and depends upon his surviving his mother. It is the uncertainty of the right of enjoyment that renders a remainder contingent. Cowans v. Storms, 121 N.J. Law 336; 2 Atl. Rep.
2d 183. The remainder here under consideration is contingent as to the person or persons who shall take at the death of the surviving life tenant. Tantum v. Campbell,supra.
The Bankruptcy Act, 11 U.S.C.A. § 110, ordains that the trustee in bankruptcy is vested with the title of the bankrupt as of the date of the filing of the petition of bankruptcy to
"(7) contingent remainders, executory devises and limitations, rights of entry for condition broken, rights or possibilities of reverter, and like interests in real property, which were nonassignable prior to bankruptcy and which, within six months thereafter became assignable interests or estates or give rise to powers in the bankrupt to acquire assignable interests or estates;"
Whether an interest is assignable or transferable or leviable under the bankruptcy statute is a matter of local law. Thummess
v. Van Hoffman, 109 Fed. Rep. 2d 293; Horton v. Moore,110 Fed. Rep. 2d 189; certiorari denied, 61 S.Ct. 75;311 U.S. 692; 85 L.Ed. 448; rehearing denied, 61 S.Ct. 173;311 U.S. 728; 85 L.Ed. 474; Spindle v. Shreve, 111 U.S. 542;4 S.Ct. 522; 28 L.Ed. 512; Dooley v. Pease, 180 U.S. 126;21 S.Ct. 329; 45 L.Ed. 457; *Page 282 Suskin Berry, Inc., v. Rumley, 37 Fed. Rep. 2d 304; Inre Jersey Island Packing Co., 138 Fed. Rep. 625; In re Baudouine,101 Fed. Rep. 574.
Relevant excerpts from our statute (R.S. 46:3-7) concerning the transferability of estates of expectancy follow:
"This section shall not be construed to have empowered or to empower any person to dispose of any expectancy which he may have had or have as heir of a living person, or any contingent estate or expectancy, where the contingency is as to the person in whom, or in whose heirs, the same may vest * * *."
"This section shall not be construed to render any contingent estate or other estate or expectancy herein mentioned liable to be levied upon and sold by virtue of an execution."
The deliverances in the following reported cases are illuminating: Bucci v. Popovich, 93 N.J. Eq. 121;115 Atl. Rep. 95; affirmed, [*]93 N.J. Eq. 511; 116 Atl. Rep. 923;Hopper v. Gurtman, 17 N.J. Mis. R. 289; 8 Atl. Rep. 2d376; affirmed, [*]126 N.J. Law 263; 18 Atl. Rep. 2d245. See, also, 133 A.L.R. 621.
Surveying both our own law and the federal act, it is not apparent that title to any interest of the bankrupt in the estate of his grandfather has in turn vested in the complainant as trustee. Without such an interest, the remaining facts alleged in the first cause of action do not entitle the complainant to the relief which he therein seeks.
Resolving, then, that the first alleged cause in the bill fails to exhibit a cause of action maintainable by the complainant, it is futile to determine the falsity or propriety of the several relative paragraphs of the answer to which the present motion is addressed. In these circumstances, there is authority for the dismissal of the insufficient portion of the bill. Strauss v.Rave, 97 N.J. Eq. 208; 127 Atl. Rep. 118; affirmed, *98 N.J. Eq. 700; 130 Atl. Rep. 920. In that case, at page 210 of the report, Vice-Chancellor Bentley said:
"From these cases it is argued, and I think with soundness, that where a bill upon its face appears to set forth a valid cause of action, but it is otherwise made to appear by complainant's own proofs, such as the verifying affidavits or schedules annexed to his bill or otherwise, that in all truth *Page 283 
and honesty the bill does not exhibit the true state of facts, and that the latter preclude all possibility of his success, there is inherent power in the Chancellor to dismiss the bill."
There remains to be considered the motions to strike paragraphs 3 and 5 of the answer to the second cause of action as sham. Paragraph 3 was challenged as sham because of the failure of the defendant to answer interrogatories founded upon the relative paragraph of the bill. R.S. 2:29-44. The interrogatories have since been answered and a question of fact is precipitated upon the decision of which depends the truth or falsity of paragraph 5.
An order may be presented denying the motion to strike the designated paragraphs of the answer, and I will entertain a motion to strike the first cause of action from the bill.