SPINDLE, Assignee, *v.* SHREVE & Another.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF ILLINOIS.

Argued April 1st, 1884.—Decided May 5th, 1884.

*Bankruptcy—Deed—Equity—Trust.*

A conveyance of specifically described real and personal estate to a trustee on the trust that he shall sell the same and any and all other property belonging to the grantor not exempt from execution, which by any oversight may have been omitted in the foregoing list, and apply the proceeds to the payment of the grantor's debts passes all the estates and interest in property which the grantor at the date held and could alien, or which were then liable at law or in equity for the payment of his debts.

Whether an equitable interest in real estate is liable to be appropriated by legal process to the payment of the debts of the beneficiary is to be determined by the local law where the property has its *situs*. *Nichols* v. *Levy*, 5 Wall. 433, cited and approved.

§ 49, ch. 22 of the Chancery Practice Act of Illinois (Hurd's Rev. Stat. Ill. 195), providing for creditors' bills of discovery, and to reach and apply equitable estates to the satisfaction of debts applies to all cases in which the creditor can obtain a lien only by filing a bill in equity for that purpose.

*Mr. Gwynn Garnett* for appellant submitted on his brief.

*Mr. L. M. Shreeve* (*Mr. Emory A. Storrs* was with him) for appellees.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

This is a bill in equity, filed by the appellant as assignee in bankruptcy of Charles U. Shreve, to subject an equitable interest in certain real estate, situated in Chicago, and its rents, issues, and profits, alleged to be the property of the bankrupt, and assets belonging to his estate. The appeal was from a decree dismissing the bill for want of equity.

The question to be determined arises upon these facts:

Thomas T. Shreve died at Louisville, Kentucky, his domicil, November 5th, 1869, leaving a last will, duly admitted to probate and record in that State.

By that will, after providing for certain special devises, he directed his estate to be divided into five equal parts, of which

he willed, that one-fifth part be allotted to his son, Charles U. Shreve, " subject to such conditions and restrictions as hereinafter named."

The 12th clause of the will was as follows:

" 12. As soon after my death as it can be conveniently done I wish my executor hereinafter named, after first setting apart a fund sufficient to pay the above named special devises, and incidental expenses, to make out a full and complete list and schedule of all my estate of every character and description, real, personal, and mixed, in the State of Kentucky and elsewhere, and hand the same to the following named persons, to wit, James W. Henning, A. C. Badger, and A. Harris, who, or any two of whom, I desire to proceed to value it, and divide it into five equal shares upon the principles hereinbefore indicated ; one-half of each share (which half I wish to be income paying real estate), I desire to be set apart and conveyed to a trustee, to be held for the use and benefit of each child during his or her life, and then descend to his or her heirs, without any power or right on the part of said child to encumber said estate, or anticipate the rents thereof, but said trustee shall collect said rents, and after paying taxes, insurances, and keeping the property in repair, pay the rent to the child in person quarterly, or as the same may be collected according to the terms of the lease ; the other half of each share I wish conveyed to each child in fee, to do with as he or she may please.

" In placing these restrictions upon one-half of the estate I give my children, I do not wish it understood that I distrust their capacity to manage their own affairs, for I do not, but believe one-half of a share that each will receive will afford ample means to commence and conduct a respectable business, and as the other half will give them a comfortable living in the event they should be unfortunate in business or otherwise, and now having it in my power, it is my pleasure, as I believe it to be my duty, to shield and protect them against casualties and accidents as far as possible."

The trustee for each child was to be appointed by the Louisville Chancery Court, and after the division of the estate had been made and the report thereof by the commissioners re-

corded, the executor of the will was directed to make deliveries, transfers, and conveyances according to the report and the directions of the will.

In pursuance of these directions a division of the estate was made and the share allotted to Charles U. Shreve, embracing the premises described in the bill, was conveyed by the executor by deed executed on June 25th, 1870, to John M. Shreve, appointed to be trustee for Charles U. Shreve, to be held by him " for the use and benefit of said Charles U. Shreve during his life, and then to descend to his heirs, without any power or authority of said Charles U. Shreve to encumber said estate or anticipate the rents thereof; but said trustee shall collect said rents, and after paying taxes, insurance, and keeping the property in repair, pay the rent to the said Charles U. Shreve in person quarterly, or as the same may be collected, according to the leasing thereof, and with all other rights, duties, powers, and restrictions as are conferred and imposed by the will of said Thomas T. Shreve, deceased."

The trustee accepted the trust, and entered into possession of the property in execution of it.

On June 20th, 1876, at Louisville, Charles U. Shreve conveyed to J. M. Shreve "all the real, personal, and mixed property owned by said party of the first part not exempt from execution, and which is as follows," being certain specifically described lots and tracts of land, some in Cook county, Illinois, and some in Kentucky, and certain personal property, to have and to hold on certain trusts, viz.: that the party of the second part shall " immediately proceed, in such manner as to him shall seem best, either by public or private sale, or by instituting suit in the Louisville Chancery Court, to sell and have sold all the foregoing property, and any and all other property belonging to said first party not exempt from execution, which by any oversight may have been omitted in the foregoing list," &c., for the payment of the debts of the grantor—first, all such as were specifically secured by liens on the property conveyed ; second, all unsecured debts equally, and any surplus to return to the grantor, "it being the object and intent of this conveyance to transfer to said second party all the property belonging to said

first party not exempt from execution for the benefit of all the creditors of said first party."

This deed did not describe any property held in trust for the grantor under his father's will, of which that named in the bill is a part; but the Court of Appeals of Kentucky in *Knefler* v. *Shreve*, 78 Kentucky, 297, had before it the very question, as to the construction of this deed, and decided that all the estate and interests in property, which at its date the grantor held, which he could alien, and which was liable at law or in equity for the payment of his debts, passed by its terms; and in that decision we concur. Such was the manifest intent of the grantor, and the language of the deed to which we have referred is broad enough to effect it. Subsequently, by appropriate judicial proceedings in Kentucky, James Buchanan was substituted for John M. Shreve, as trustee under this assignment. Buchanan, on August 16th, 1878, filed a bill in equity in the Superior Court of Cook County, Illinois, to enforce the trusts of this conveyance for the benefit of creditors, claiming under it the right to subject, for that purpose, the estate and interest of Chas. U. Shreve, under the trusts of his father's will described in the bill in this case. That suit was pending when the present was commenced. A decree was afterwards rendered dismissing the bill of Buchanan for want of equity, on the general demurrer.

In the mean time, on August 31st, 1878, Charles U. Shreve filed his petition in bankruptcy in the District Court for Kentucky, and was adjudicated a bankrupt, the appellant being appointed his assignee, to whom all the estate and effects of the bankrupt were duly assigned according to the act of Congress.

The bill in this case was filed February 27th, 1879, but, although it asserts a contradictory title to that set up and insisted upon by Buchanan, as trustee, under the conveyance to John M. Shreve for the benefit of creditors, and although Buchanan himself is made a party defendant, no notice is taken in the bill of his claim of title. And yet it is too clear for argument, that if the estate and interests of the bankrupt, sought to be subjected in this suit were assignable, and are liable to be taken at law or appropriated in equity, for the pay-

ment of his debts, they passed by the previous deed of assignment and are vested in Buchanan; for the conveyance under which he derives title was made more than two years before the bankruptcy, and has not, on any ground, been assailed as affected by the bankrupt law; so that the foundation of the case asserted in the bill is entirely taken away. It is shown that nothing of what is therein claimed could pass to the assignee in bankruptcy, because it had already passed to another.

On the other hand, if nothing passed by the deed under which Buchanan claims, affecting the estate and interests in controversy, it must have been because, under the law of Illinois, which, of course, governs in respect to interests in real estate situated in that State, those interests were not liable to be appropriated to the payment of the debts of the beneficiary, and were, therefore, not embraced in the description of the property conveyed. That such questions are determinable only by the local law where the property has its *situs*, was expressly decided in *Nichols* v. *Levy*, 5 Wall. 433, and was also intimated in *Nichols* v. *Eaton*, 91 U. S. 716–729. The Bankruptcy Act, sec. 5045 Rev. Statutes, expressly adopts the local law of the State as to such exemptions.

And in Illinois the subject is regulated by a special statutory provision. By § 49, ch. 22 (Hurd's Rev. Stats. Illinois, 195), of the Chancery Practice Act of that State, providing for creditors' bills of discovery and to reach and apply equitable estates and interests to the satisfaction of debts, property held in trust is made subject to that proceeding, " except, when such trust has, in good faith, been created by, or the fund so held in trust has proceeded from, some person other than the defendant himself." The Tennessee statute, which was applied to the exoneration of the interests sought to be appropriated in *Nichols* v. *Levy*, 5 Wall. 433, was substantially the same as this; and both seem to be copies from that of New York, 2 Rev. Stat. 173, §§ 38, 39, although in the last named State, as appears from the decision of the Court of Appeals in *Williams* v. *Thorn*, 70 N. Y. 270, and *McEvoy* v. *Appleby*, 27 Hun, 44, another statute, 1 R. S. 729, § 57, limits the exemption in cases where income is payable under such a trust, to the principal

fund itself, and the beneficial interest of the *cestui que trust* in the income only to the extent of a fair support of the beneficiary out of the trust estate.

The statute of Illinois does not apply merely, as is argued, to cases where a technical discovery is sought, but to all cases where the creditor, or his representative, is obliged, by the nature of the interest sought to be applied, to resort to a court of equity for relief, as he must do, in all cases where the legal title is in trustees, for the purpose of serving the requirements of an active trust, and where, consequently, the creditor has no lien, and can acquire none, at law, but obtains one only by filing a bill in equity for that purpose. If the trust was merely passive, and, therefore, executed by the law of its locality, in the *cestui que trust*, so as to be subject to the levy of executions at law, and the present was such a case, then the bill would fail, because the remedy at law would be adequate and complete.

The case has been argued by counsel as if it depended upon, or at least involved the question, whether, upon general principles of equity jurisprudence, as administered in the courts of the United States, the terms of the trust in favor of Charles U. Shreve under his father's will, exceeded the limits fixed for restraints upon the alienation of property held for the beneficial use of the *cestui que trust*, and its exoneration from the liability to be taken for payment of his debts.

It cannot be doubted, that it is competent for testators and grantors, by will or deed, to construct and establish trusts, both of real and personal property, and of the rents, issues, profits and produce of the same, by appropriate limitations and powers to trustees, which shall secure the application of such bounty to the personal and family uses during the life of the beneficiary, so that it shall not be subject to alienation, either by voluntary act on his part, or *in invitum*, by his creditors. The limits, within which such provisions may be made and administered, of course, must be found in the law of that jurisdiction which is the *situs* of the property, in case of real estate, and in cases of personalty, where the trust was created or is to be administered according to circumstances. And in determining

those limits, that law declares how far, and by what forms and modes, the institution of property may be permitted to accommodate itself to the will and convenience of individuals, without prejudice to public interest and policy; by what limitations and instruments its usual incidents may be affected and altered, so as to effectuate the intentions of parties; how far the dominion, implied in the idea of property, may be extended so as to limit the future dominion of those who succeed to its beneficial enjoyment.

It follows, therefore, that the judgment in each case must be determined by the positive provisions of the law of the locality which governs it, and the particular terms of the instrument by which the scheme is framed. And applied to the circumstances of the present case, the question would be merely, whether, according to the law of Illinois, the terms of the trust, established under the will of Thomas T. Shreve, created an interest or estate in the beneficiary, which, not having been previously conveyed to another, could be taken at law or in equity for payment of his debts, and which, therefore, vested in his assignee in bankruptcy.

That question, as we have already shown, so far as required by the case, is answered by the declaration that, as nothing has been assigned to the appellant, except what had not been previously conveyed and could lawfully be subjected to the payment of his debts; and, as the interest in question was either vested in Buchanan or could not be so subjected, by reason of the positive provisions of the statute of Illinois, to which we have referred, the appellant has shown no right to the relief for which, in his bill, he prayed.

The decree of the Circuit Court is accordingly

*Affirmed.*