[No. 541.    August 26, 1893.]

MARGARET E. WALKER, PLAINTIFF IN ERROR, v. NEW MEXICO & SOUTHERN PACIFIC RAIL-ROAD COMPANY, DEFENDANT IN ERROR.

CONSTITUTIONAL° LAW—TRIAL BY JURY—SPECIAL VERDICTS.—Held: Sections 1 and 2, of the act of the territorial legislature of 1889, authorizing special verdicts, and declaring that, when they are inconsistent with the general verdict, the former shall control, and the court shall render judgment accordingly, is not in conflict with article 7 of the amendment to the constitution of the United States, providing that the right of trial by jury shall be preserved, and that no fact tried by a jury shall be otherwise reexamined in any court of the United States than according to the rules of the common law, such provision applying only to powers exercised by the government of the United States, and not to those of the states and territories.

ERROR, from a judgment in favor of defendant, to the Fifth Judicial District Court, Socorro County. Judgment affirmed.

THE facts are stated in the opinion of the court.

NEILL B. FIELD and JAMES G. FITCH for plaintiff in error.

As to the right of trial by jury, preserved by the seventh amendment to the constitution of the United States, see Cobb v. Henniker, 55 N. H. 185.

At the time of the adoption of that amendment a general verdict with special findings of fact in the same case was unknown to the courts of common law. 2 Bouv. Law Dict. 780; Black's Law Dict. 216; Ander-

son's Law Dict.; Louisville, etc., R'y Co. v. Hart, 21 N. E. Rep. 753; Johnson v. Culver, 19 N. E. Rep. 129.

Two modes only were known to the common law to reexamine facts found by a jury in the trial of a common law action: The granting of a new trial by the court where the issue was tried or to which the record was returnable, and an award of a venire facias de novo by an appellate court for some error of law which intervened in the proceedings. Parsons v. Bedford, 3 Pet. 433; Insurance Co. v. Comstock, 16 Wall. 258. See, also, Mayor and Burgesses of Devizes v. Clark, 3 Adolphus & Ellis, 241, as to province of jury in findings. Also, Graham v. Bayne, 59 U. S. 60; Mumford v. Wardell, 73 U. S. 423; Syndam v. Williams, 61 U. S. 427; Barnes v. Williams, 11 Wheat. 415; Prentice v. Zane, 8 How. 470; Geekie v. Kirby Carpenter Co., 106 U. S. 379; Hodges v. Easton, Id. 408.

As the constitution speaks from the time of its adoption, the right of trial by jury, which is ascertained to have existed at that time, must necessarily determine the meaning of the clause which recognizes and preserves that right. Sedg. Stat. Const., p. 487; Cobb v. Henniker, 55 N. H. 179.

When the right of trial by jury is not waived by the parties, the court can not substitute itself for the jury by passing upon the evidence, and rendering judgment thereon. Baliss v. Travelers' Ins. Co., 113 U. S.

The judgment for the plaintiff will not be reversed for the jury's omission to answer the interrogatory, "Was the plaintiff's damage the direct result of an extraordinary rainfall?" Ohio & Miss. R'y Co. v. Ramey, 28 N. E. Rep. 1087.

Where the special findings can be reconciled with the general verdict, on any reasonable hypothesis, the latter will control. Louisville, etc., R'y Co. v. Sumner, 30 N. E. Rep. 873; Lauderbauch v. Rouch, 31 N. E.

Rep. 578; Peninsula, etc., R'y Co. v. Franklin Ins. Co., 14 S. E. Rep. 237.

A general verdict inconsistent with special findings must stand, unless on the face of the record the special findings taken as a whole are so inconsistent with the general verdict both can not stand together. But every reasonable presumption will be made in favor of the general verdict. Schaffner v. Kover, 28 N. E. Rep. 871; Block v. Hazeltine, 29 N. E. Rep. 937.

Where the jury's answers to different interrogatories are inconsistent with each other, such inconsistency will not vitiate the general verdict. Dickey v. Shirk, 27 N. E. Rep. 733; Shenners v. West Side St. R'y, 47 N. W. Rep. 622; Slass v. Allman, 30 Pac. Rep. 574; Carman v. Riss, 29 Pac. Rep. 510; Foster v. Gafield, 34 Mich. 356; Gates v. Scott, 24 N. E. Rep. 257; Smith v. Heller, 21 N. E. Rep. 657; Aultman v. Mickey, 21 Pac. Rep. 254; Ellsworth v. Maxwell, 18 Pac. Rep. 819; Weeth v. McConnell, 42 Mich. 479.

Where a case is tried upon the general issue, the court can not submit a particular question of fact to the jury to be found and returned with their verdict, except by consent of the parties. Walker v. Sawyer, 13 N. H. 191; Johnson v. Haverhill, 35 N. H. 87.

A general verdict conclusively settles every issue in favor of the party in whose favor it is rendered. Woods v. Courtney, 17 Pac. Rep. 745.

H. L. WALDO, W. B. CHILDERS, and R. E. TWITCHELL for defendant in error.

Sections 1 and 2, of the act of 1889, are not in conflict with article 7 of the amendments to the constitution of the United States; they only apply to trials in the courts of the United States. Baron v. Baltimore, 7 Pet. 247; Livingston v. Moore, 7 Pet. 551; Fox v. Ohio, 5 How. 434; Cooley on Const. Lim. [2 Ed.] 19; Edwards v. Elliott, 21 Wall. 557; Pearson v. Yewdall, 95 U. S. 296.

The district courts of the territory are not courts of the United States within the meaning of the seventh amendment to the constitution. Clinton v. Englebrecht, 13 Wall. 434.

The federal courts have administered state statutes providing for special findings. 11 Fed. Rep. 28.

Under the organic act of New Mexico power is conferred upon the territorial legislature to enact statutes governing the practice, pleadings, forms, and modes of proceeding of the territorial courts. Hornbuckle v. Toombs, 18 Wall. 654.

The court may withdraw a case from the jury and direct a verdict for the plaintiff or the defendant, where the evidence is undisputed, and is of such a conclusive character that the court, in the exercise of its judicial discretion, would be compelled to set aside the verdict returned in opposition to it. Railroad v. Converse, 139 U. S. 469; Candelaria v. A., T. & S. F. R'y Co., 6 N. M. 267.

In the case of special findings of fact under the statute, the special findings are the facts set out separately by the jury and upon which the court applies the law. Munn v. Mayor, etc., 40 Pa. St. 364; Railroad Company v. Waterbury Co., 34 Conn. 478; Roberts v. Cooper, 20 How. 467; Prentiss v. Zane's Adm'r, 8 Id. 470. See, also, Buntin v. Rose, 16 Ind. 209, 210; Morrow v. Commissioners, 21 Kan. 484, 503.

Special verdict at common law and special findings under the statute are not the same. 25 Pac. Rep. 562; 10 Bacon, Abr. 309; Bouv. Law Dict., 780; Thompson on Trials, p. 2020.

Special findings can not be harmonized with the general verdict, and a general verdict can not be sustained when on the whole finding it is reasonably certain it ought not to be. Dupont v. Starring, 42 Mich. 492; Morse v. Morse, 25 Ind. 156–161. See, also,

Davis v. Farmington, 42 Wis. 432; Haas, Adm'r, v. R'y Co., 41 Wis. 44.

The rule that all the issues must be found specially is applicable only when there is no general verdict. 25 Pac. Rep. 562; 23 Cal. 490; 36 N. W. Rep. 638; 48 Id. 1081; 41 Id. 411; 48 Id. 198; 23 Id. 246.

As to inconsistent findings, see Harbaugh, 33 Mich. 246; 42 Id. 492; 47 N. W. Rep. 622; 15 Id. 636. See, also, Gannon v. Hargadon, 10 Allen, 106; Railroad Co. v. Riley, 29 Am. and Eng. R. R. Cases; Abbott v. Railroad Co., 20 Id., note and cases cited.

Failure to find on an issue as to which there was no evidence, is not error. 23 Pac. 1098; 24 Id. 116; 48 N. W. Rep. 250.

The inconsistency of two answers does not destroy the effect of the others. 15 N. E. Rep. 686.

Failure to object at the trial is a waiver as to the form of special verdict. If deemed incomplete plaintiff should have asked to have additional findings submitted. 24 N. E. Rep. 361.

The common law, as modified by constitutional and statutory law and judicial decisions, is in force in this territory. Browning v. Browning, 3 N. M. (Gil.) 675.

Under the common law rule, surface water is within the control of the owner of any land upon which it falls or over which it flows. Railroad v. Hammer, 22 Kan. 763; see, also, Abbott v. Railroad Co., and note, 20 Am. and Eng. R. R. Cases, supra.

Although the water from high lands and hills may unite and form a stream with a definite channel, but spreads out over the surface of low lands and runs in different directions in swags and flats without any definite channel, it ceases to be a stream or water course. Munkres v. Railroad Co., 5 Am. and Eng. R. R. Cases, 81; O'Connors v. Railroad Co., Id. 82.

FALL, J.—Plaintiff in error sued defendant for damages for injury to real property caused by defendant's railroad embankment stopping or obstructing natural or artificial channels through which water was accustomed to flow, thereby overflowing and damaging plaintiff's land. General verdict was for plaintiff, but, upon answers to special questions propounded, the court set aside the verdict, and entered judgment for defendant. Two errors are assigned: (1) That the court erred in entering judgment in favor of the defendant on the verdict of the jury; (2) that the court erred in refusing to enter judgment in favor of plaintiff in error.

If the act of the territorial legislature of 1889 is constitutional, then we can find no error in the action CONSTITUTIONAL of the court in setting aside the general law: trial by jury: special verdicts. verdict, and entering judgment upon the special findings. But it is contended strongly that the act referred to is unconstitutional, in that it is in conflict with article 7 of the amendments to the constitution of the United States. The act of 1889 is as follows: "Section 1. In all trials by jury in the district courts, the court shall, at the request of the parties, or either of them, or their counsel, in addition to the general verdict, direct the jury to find upon particular questions of fact to be stated in writing by the party or parties requesting the same. Sec. 2. When the special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly." Mr. Justice MILLER, in his lectures on Constitutional Law (page 493), speaking of article 7 of the amendments, says: "This article of the amendments to the constitution * * * applies to the powers exercised by the government of the United States, and not to those of the states;" and, as further stated by the same eminent writer, this has been repeatedly decided. Livingston v. Moore, 7 Pet. 469; The Justices v. Murray, 9 Wall.

274; Edwards v. Elliott, 21 Wall. 532; Fox v. Ohio, 5 How. 434. Our territorial courts are not constitutional courts, "in which the judicial power conferred by the constitution or the general government can be deposited." Miller, Const. U. S., p. 369; McAllister v. U. S., 141 U. S. 174, 11 Sup. Ct. Rep. 949; Insurance Co. v. Canter, 1 Pet. 511–546; Clinton v. Englebrecht, 13 Wall. 434. The powers of the territorial legislatures are nearly as extensive as those exercised by state legislatures. Hornbuckle v. Toombs, 18 Wall. 654. And, indeed, if this article prohibits such legislation by a territory, the prohibition applies equally to state legislation. We are clearly of the opinion that the act of 1889 was passed by the legislature in the legal and constitutional exercise of its powers, and is with us the "law of the land." It might be well to add that we think the act should be so construed as to enable the court, in its discretion, to refuse to submit questions not regarded as material, and, further, to refuse to set aside a verdict if it is possible to reconcile the special findings with the same. It should also refuse to set aside the general verdict unless the special findings upon all the material facts in issue, construed together, can not be reconciled with it. The judgment below is affirmed.

O'BRIEN, C. J., and LEE and SEEDS, JJ., concur.