## HORTON v. MOORE.
### No. 8403.

Circuit Court of Appeals, Sixth Circuit.
March 15, 1940.

Sempliner, Dewey, Stanton & Honigman, Jason L. Honigman, and Albert E. Smith, all of Detroit, Mich., for appellant.

Harold R. Martin, of Detroit, Mich., for appellee.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

This is an appeal from an order of the District Court holding that certain property did not constitute an asset of the bankrupt at the date of adjudication.

The material undisputed facts are as follows: Allison A. Moore died testate in 1928, the owner of real estate and personal property in the county of Wayne, Michigan. He left surviving his widow, Margaret Moore, the appellee, his son, Harold H. Moore, and his daughter, Helen Margaret Moore. The will of the deceased was executed February 27, 1928, and was duly probated and recorded by the Probate Court for the county of Wayne, Michigan, December 28, 1928. The only items of the will which are material to the controversy are the third, fourth, and fifth, which in summary are as follows:

(3) The residue of the estate is placed with three trustees in trust (a) to first pay, during the lifetime of testator's wife, the sum of $100 monthly to each of his two children, Harold H. Moore and Helen Margaret Moore, from the income of the trust estate, (b) to then pay to testator's wife, during her lifetime, the balance of the net income from the trust estate, (c) to use a portion of the principal of the trust estate if the net income is insufficient for the wife's comfortable care and support.

(4) On the death of the wife, the trustees shall divide the trust estate into two equal parts: (1) one of such shares is given, devised and bequeathed absolutely to his son, Harold H. Moore; (2) the other share is given to the daughter.

(5) Should the son die before receiving such share of the estate leaving lawful issue surviving him, then such share go to such issue; (b) should the son die before receiving such share of the estate leaving no lawful issue surviving him, then his share is to go to other named persons.

On March 12, 1936, appellee, Harold H. Moore, filed his voluntary petition and on that date was adjudged a bankrupt. In his schedule of assets, he referred to his interest in his father's estate, stating that it was a contingent remainder and did not vest in his trustee under U.S.C.A. Title 11, Sec. 110, sub. a(5), Bankruptcy Act of July 1, 1898, Ch. 541, 30 Stat. 565, as amended.

On November 19, 1938, the widow, Margaret Moore, died leaving the appellee surviving. On September 12, 1939, the Probate Court of Wayne County, Michigan, approved a division of the trust estate and assigned to the bankrupt certain real estate and personal property as his share. The bankrupt owed approximately $23,000, and valued his interest in his father's estate at the date of the death of his mother at approximately $63,000. He was forty-seven years of age at the date of adjudication, and his mother approximately seventy-five, and she had been confined to her bed on account of illness for about eight years. Appellant trustee filed his petition for directions as to the disposition of the bankrupt's interest in his father's estate. The Referee after a hearing held that title to the estate vested in the Trustee under Title 11 U.S.C.A. § 110, subd. a(5), and directed its sale from which order appellee filed a petition for review and on hearing the lower court reversed the referee holding that the bankrupt was vested with a

contingent remainder in the estate of his father and the trustee had no interest therein, hence this appeal. The sole issue involved is whether the estate devised to the bankrupt by the will of his father is an asset in the hands of the Trustee in Bankruptcy.

"The trustee of the estate of a bankrupt * * * shall * * * be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt * * * to all * * * (3) powers which he might have exercised for his own benefit * * * (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him." 11 U.S.C.A. § 110, sub. a(5).

By the statutes of Michigan (Michigan Compiled Laws, 1929, Sections 12927 to and including 12931, and 12933) contingent estates are made to depend upon two conditions, (1) when the person to whom the estate is given remains uncertain, (2) when the event upon which such estates are limited to take effect remains uncertain. In the present will the event upon which the estate vests in the remainderman is uncertain, for the reason that if either the bankrupt or his sister died without issue before their mother, the survivor took the whole estate, which must happen within a certain time and it is the event and not the time that controls in the determination of whether the remainder is contingent or vested. It was not known at the time the will was made whether the bankrupt or his sister or both would die before their mother, and as by the will the contingency was annexed to the devise itself, the bankrupt had a contingent estate. L'Etourneau v. Henquenet, 89 Mich. 428, 50 N.W. 1077, 28 Am.St.Rep. 310.

Under the Bankruptcy Act by operation of law the trustee is vested with such title as the bankrupt had prior to his adjudication. As to whether a particular future estate arising out of a trust is property which will pass to the trustee as an asset of the bankrupt depends upon the law of the state where the trust was created, and is being administered and in which the res is situated. Spindle v. Shreve, 111 U.S. 542, 548, 4 S.Ct. 522, 28 L.Ed. 512.

Under the plain language of the Act, all property vests in the trustee which prior to the filing of the petition the bankrupt could by any means have transferred. Therefore transferability is the determining factor. Under the language of the act a possibility coupled with an interest which may or may not become afterwards a vested estate passes to the trustee, if transferable under the local law. Page v. Edmunds, 187 U.S. 596, 601, 23 S.Ct. 200, 47 L.Ed. 318; In re Wright, 2 Cir., 157 F. 544, 18 L.R.A., N.S., 193; Fisher et al. v. Cushman, 1 Cir., 103 F. 860, 51 L.R.A. 292; Pollack v. Meyer Bros. Drug Co., 8 Cir., 233 F. 861. "Vested rights ad rem and in re, possibilities coupled with an interest, and claims growing out of, and adhering to property, may pass by assignment." Comegys v. Vasse, 1 Pet. 193, 26 U.S. 193, 213, 7 L.Ed. 108.

The appellee's right at the date of adjudication was contingent upon surviving his mother, which right was property and capable of being alienated and passed to his trustee. McArthur v. Scott, 113 U.S. 340, 379, 5 S.Ct. 652, 28 L.Ed. 1015. The fact that the trustee, if the right was transferred to him, or to a purchaser if sold, could not get any portion of the corpus of the trust estate until some future time or on the happening of a contingency be deprived of it, is not under the Statute fatal to the passing of title to the appellee.

Under the Michigan Statute (section 12955) a contingent remainder is descendible, devisable, and alienable in the same manner as an estate in possession.

Construing the Bankruptcy Act in conjunction with the local law, the language by its plain terms covers an interest like that of appellee's, in the trust created under his father's will. Some of the decisions cited at bar may appear to be in conflict with this conclusion but it is unnecessary to review or analyze them for the reason that they are based on the common law or State Statutes different from that of Michigan. The Michigan Statutes make no distinction between uncertainty of person and uncertainty of event, and plainly authorize the alienation of contingent interests in trust estates. The conclusion is inescapable that appellee's future contingent interest vested in the trustee.

The order of the District Court is reversed and the cause remanded for proceedings consistent with this opinion.