**In re Betty Geraldine HAYDEN a/k/a Gerri Hayden, Debtor.**

**Bankruptcy No. 81–00025.**

United States Bankruptcy Court, E.D. Kentucky.

Nov. 28, 1983.

---

William S. Howard, O'dell & Howard, Lexington, Ky., for debtor.

Joe D. Pippin, Pippen & Pippen, Norton, Va., for First State Bank of Wise.

H. Edward Maddox, Pikeville, Ky., Trustee.

## MEMORANDUM OPINION

JOE LEE, Bankruptcy Judge.

### FINDINGS OF FACT:

This case is before the court on the objection of First State Bank of Wise, Wise, Virginia, an unsecured creditor of the debtor, to the debtor's claim of an exemption in her interest in a house and lot located in Wise, Virginia, the former residence of the debtor. The residence is owned by the debtor, who had maintained her domicile in Kentucky for more than 180 days immediately preceding the date of the filing of her petition herein, and her husband, from whom she is estranged.

The debtor moved from Virginia to Kentucky approximately six months prior to the date of the filing of her petition for relief under chapter 7 of the Bankruptcy Code. She had been employed for a similar period of time as a school teacher by the city of Paintsville, Kentucky school system. On the date of bankruptcy, she and her husband were parties to a divorce action pending in Wise County, Virginia. Also, the debtor had commenced a marriage dissolution proceeding against him in Kentucky. It appears that on the date of bankruptcy both the residence and domicile of the debtor were in Kentucky. She tacitly acknowledged Kentucky as her domicile by claiming personal property exemptions pursuant to Kentucky statutory law.

The Kentucky General Assembly has enacted so-called opt-out legislation which provides that an individual debtor domiciled in this state is not authorized to exempt from property of said debtor's estate the property specified under subsection (d) of section 522 of the Bankruptcy Code. K.R.S. 427.170.

In Schedule B-4 to her original petition the debtor did not claim an exemption in her interest in the real estate in Virginia. However, the exemption was claimed by the debtor in an amended Schedule B-4

filed approximately one year after the commencement of this case, after entry of the discharge in bankruptcy, and after the objecting creditor had submitted to the trustee in writing an offer to purchase the debtor's interest in the real property located in Virginia for the sum of $23,000.00, an amount sufficient to pay all the creditors of the debtor in full.

The objecting creditor holds an unsecured claim against the debtor in the amount of $18,585.77, representing the deficiency balance due on a note. The loan evidenced by the note was a business loan obtained by the debtor in connection with the operation of a now defunct Cosmic Health Spa in Norton, Virginia. The loan was secured by a security interest in equipment of the spa and motor vehicles. The collateral has been reclaimed and sold by the objecting creditor and the proceeds of the sale applied to reduce the indebtedness to its present balance. The debtor's husband is not obligated on the debt to the objecting creditor, nor is he obligated on any of the debts listed in the schedules to the debtor's petition in bankruptcy.

The exemption of the debtor's interest in the real property located in Virginia is claimed by the debtor pursuant to section 522(b)(2)(B) of the Bankruptcy Code, which permits a debtor who claims the exemptions provided by the law of the state in which the debtor's domicile is located, to also claim as exempt—

> (B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under <u>applicable nonbankruptcy law</u>. (underscoring added)

The objecting creditor asserts—

(1) The debtor was granted a discharge on November 16, 1981; the amended Schedule B–4 was executed on January 29, 1982, and was filed on February 2, 1982, and

therefore the exemption should be denied as untimely claimed.

(2) Applicable nonbankruptcy law referred to in section 522(b)(2)(B), above-quoted, is Kentucky law, which does not exempt a debtor's interest in property as a tenant by the entirety from process, as does the law of Virginia where the property is located.

CONCLUSIONS OF LAW:

The court is of the opinion the objections to the debtor's claim of an exemption in all her interest in the real property in question should be overruled.

■■■ Amended schedules may be filed at any time before a case is closed. Rule 110, Rules of Bankruptcy Procedure.[1] The amendment to Schedule B–4 was served by mail on all creditors, on the same day it was filed with the court, and the objecting creditor timely filed objections thereto, and has been afforded an opportunity to be heard on such objections. The delay in claiming the exemption is not a sufficient basis for denying the exemption. *In re Doan,* 672 F.2d 831, 9 B.C.D. (CRR) 174 (11th Cir.1982). The exemption must be granted or denied on the merits.

■■■ What is the "applicable nonbankruptcy law" incorporated by reference in section 522(b)(2)(B) of the Bankruptcy Code? Is it the law of the debtor's domicile, or the law of the situs of the property? The court is of the opinion that the controlling applicable nonbankruptcy law is the law of the situs of the property. *Spindle v. Shreve,* 111 U.S. 542, 4 S.Ct. 522, 28 L.Ed. 512 (1884).

■■■ The law of the situs of property in the present instance is Virginia law. In Virginia a creditor of one spouse cannot subject property held as tenants by the entirety by a debtor and the debtor's spouse to the payment of such creditor's claim. *Vasilion v. Vasilion,* 192 Va. 735, 66 S.E.2d 599 (1951). See also, *In re Thacker,* 5 B.R. 592 (W.D.Va.1980). Joint creditors of a husband and wife can subject

---

**1.** Now Rule 1009, Rules of Bankruptcy Procedure.

**24**

property held by such spouses as tenants by the entirety to the payment of debts. In the present case there are no joint debts and the First State Bank of Wise, Virginia, would be unable to sell the debtor's property to satisfy its claim against the debtor in any court in Virginia. Furthermore, when the creditor extended credit to the debtor, the debtor was domiciled in Virginia and the creditor could have had no expectation that tenancy by the entirety property would be subjected to the payment of its claim.

Section 522(b)(2)(B) of the Bankruptcy Code, unlike section 522(b)(2)(A), does not make the exemption provided for therein dependent on the law of the debtor's domicile, and in view of the rule that exemption laws are to be liberally construed in favor of the debtor the court should not so circumscribe the exemption.