**In re Theodore Addison BRACKETT, a/k/a Ted Brackett, and Eloise M. Brackett, Debtors.**

**Walter L. REARDON, Jr., Trustee, Plaintiff,**

**v.**

**Theodore A. BRACKETT and Eloise M. Brackett, husband and wife, and Randall L. Brackett, Defendants.**

**Bankruptcy No. 7–83–01064 MA. Adv. No. 84–0177 M.**

United States Bankruptcy Court, D. New Mexico.

Sept. 11, 1985.

John F. Caffrey, Albuquerque, N.M., for defendants.

Sarah D. Smith, Albuquerque, N.M., for trustee.

### MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on plaintiff's motion for partial summary judgment against the defendants on Count I of the complaint. Count I of the complaint alleges that the debtors transferred all of their right, title, and interest in and to two parcels of real estate to the "Brackett Trust". Under the terms of that trust, each of the debtors has the right to demand in writing and receive from the trustee of that trust so much of the principal of the trust estate in each calendar year up to the greater of $5,000.00 or 5% of the value of the trust estate. The trust agreement further provides that the trustee may supplement the income of the grantors if he determines that the income of the grantors is not sufficient for their support, health and maintenance in his or her accustomed manner of living.

The bankruptcy trustee contends that this right to monies of the trust estate passes to the trustee and should be turned

over to him for the benefit of creditors as property of the estate.

The Bracketts argue that in order for the trustee to be entitled to the debtors' interest in the estate, that pursuant to 11 U.S.C. 541(c)(2), the trust must be invalid under applicable New Mexico law, since, according to § 541(c)(2), "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy law is enforceable in a case under this title." Because New Mexico has not specifically addressed by statute the issue of self settled spendthrift trusts, the defendants' position is that the trust is valid as written.[1]

The Court will assume, for the purposes of this motion, that the Brackett trust is valid in all respects except as to the spendthrift provision. However, because the trust is a self-settled spendthrift trust, it must fail.

■ It is well established that the common-law as the rule of practice and decision shall prevail where there is no statutory provision. Section 38–1–3 N.M.Stat.Ann. (1978 Comp.), *Walker v. New Mexico & S.P.R.R.*, 7 N.M. 282, 34 P. 43 (1893), aff'd, 165 U.S. 593, 17 S.Ct. 421, 41 L.Ed. 837 (1897). Because there is no applicable New Mexico Statute on self-settled spendthrift trusts, this court relies on common-law principles.

The Court of Appeals for the Fifth Circuit, in the case of *Matter of Witlin*, 640 F.2d 661, 663 (5th Cir.1981), stated

[u]nder the common-law of trusts, the law is as stated by Professor Bogert in the same work which was cited in Waterbury: If a Settlor creates a trust for his own benefits and inserts a spendthrift clause, it is void as far as then existing or future creditors are concerned, and they can reach his interests under the trust. *Bogert, Trusts and*

*Trustees*, 2nd ed. § 223, pp. 438, 439. *Id.* at p. 663.

■ Under the common law, the spendthrift provision of the Brackett trust is invalid as to the present and future creditors. *See*, Handbook on the Law of Trusts, Ct. Bogert 5th ed. § 40 ¶ .147, 148, Scott on Trusts, § 156 p. 1190, Restatement of the Law, Second, Trusts § 223 p. 438.

The public policy behind this result is obvious.

To hold otherwise would be to give unexampled opportunity to unscrupulous persons to shelter their property before engaging in speculative business enterprises, to mislead creditors into thinking that the settlor still owned the property since he appeared to be receiving its income, and thereby to work a gross fraud on creditors who might place reliance on the former prosperity and financial solidity of the debtor.

Bogert at p. 154.

■ Thus, the trustee is entitled to the debtors' interest in the Brackett Trust. *See generally, Horton v. Moore*, 110 F.2d 189 (6th Cir.1940), *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966).

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.

An appropriate order shall enter.

---

1. The only reference to spendthrift trusts found in the New Mexico Statutes is § 42–9–4, which addresses creditors' rights to issue writs of attachment against property of a debtor "except such property as is now, or may hereafter be, specifically exempted from attachment or execution by law and except interests of beneficiaries in spendthrift trusts for whom spendthrift trusts are or may be created."