**In re CHANEL FINANCIAL, INC., Debtor.**

**CONTINENTAL CASUALTY COMPANY, Plaintiff,**

v.

**Walter KELLOGG, Trustee, Defendant.**

Bankruptcy No. 386–30662–A–7.

Adv. No. 387–8034.

United States Bankruptcy Court,
N.D. Texas.

Dec. 7, 1988.

Richard G. Dafoe, James L. Deem, Vial, Hamilton, Koch & Knox, Dallas, Tex., for plaintiff.

Christopher J. Volkmer, Winstead, McGuire, Sechrest & Minick, Dallas, Tex., for defendant.

### MEMORANDUM OPINION

HAROLD C. ABRAMSON,
Bankruptcy Judge.

On 14 November 1988 Continental Casualty Company ("CCC") and Walter Kellogg, Trustee ("Trustee") each orally moved this Court to determine the Choice of Law issues only, recognizing that selection of the appropriate state's substantive law is the threshold issue in CCC's Complaint to Impose Constructive Trust.

CCC contends that Texas law should be applied because Texas has the most significant relationship to the facts of this case and the parties involved. Trustee similarly contends that Louisiana law is appropriate. While urging the application of either Texas or Louisiana law, both parties omit discussion of which state's law should apply given the distinct substantive and remedial issues involved in this adversary proceeding.

■ To determine which state's law controls this case, the Court must follow the choice of law principles of the forum state. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Stuart v. Spademan*, 772 F.2d 1185, 1193 (5th Cir.1985) (a federal court must follow the choice of law rules of the state in which it sits). Accordingly, the Court applies Texas choice of law rules.

■ The general conflict of laws rule in Texas is that "questions of substantive law are controlled by the laws of the state where the cause of action arose, but matters of remedy and of procedure are governed by the laws of the state where the action is sought to be maintained." *Morris v. LTV Corp.*, 725 F.2d 1024 (5th Cir.1984); *California v. Copus*, 158 Tex. 196, 309 S.W.2d 227, 230 *cert. denied* 356 U.S. 967, 78 S.Ct. 1006, 2 L.Ed.2d 1074 (1958). The rule establishes a dichotomy between substantive issues and procedural and remedial issues for choice of law purposes.

Shortly before the Fifth Circuit statement in *Morris*, the Texas Supreme Court formally abandoned the *lex loci* rules for substantive issues in favor of the Restatement (Second) of Choice of Law most significant relationship approach. The Texas choice of law rule for substantive issues now provides:

> [I]n all choice of law cases, except those contract cases in which the parties have agreed to a valid choice of law clause, the law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue.

*Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex.1984). Since *Duncan*

the reported authorities have neither overruled nor questioned the vitality of *Morris* for the proposition that matters of remedy are governed by the laws of the state where the action is sought to be maintained. Accordingly, this Court follows the Fifth Circuit's analysis in *Morris*. With these general principles in mind, we turn to the question of which state's law should be applied.

■ We first analyze the documents surrounding the parties' contract. Neither the Lost Securities Bond nor the General Application for Bond contain choice of law provisions for cases of dispute. Accordingly, because the parties did not agree to a choice of law provision in their contract, the most significant relationship analysis will be applied to determine substantive issues, and Texas law will be applied to matters of remedy and procedure.

Without restating the Joint Stipulation of Facts, CCC's Complaint to Impose Constructive Trust is premised on an alleged fraud perpetrated by Cosmopolitan Credit and Investment Corporation (n/k/a Chanel Financial Inc.) and its president Ms. Elizabeth Chester (a/k/a Ms. Elizabeth Erholm) upon CCC. The crux of CCC's complaint seeks the imposition of a constructive trust upon a $85,000.00 fund held by the Trustee. The critical question therefore arises whether CCC's action is substantive or remedial in nature.

Both the Commentators and Texas courts recognize that the imposition of a constructive trust is remedial in nature. "A constructive trust does not, like an express trust, arise because of a manifestation of an intention to create it, but it is imposed as a remedy to prevent unjust enrichment." Restatement of Restitution § 160 comment a. Pomeroy further explains:

> courts of equity, by thus extending the fundamental principle of trusts—that is, the principle of a division between the legal estate and the equitable estate in another—to all cases of actual or constructive fraud and breaches of good faith, are enabled to wield a remedial

power of tremendous efficacy in protecting the rights of property. Pomeroy, Equity Jurisprudence, "Constructive Trusts", vol. 4, p. 93, § 1044. Texas courts have similarly stated "[C]onstructive trusts, being remedial in character, have the very broad function of redressing wrong or unjust enrichment in keeping with the principles of equity and justice." *Meadows v. Bierschwale*, 516 S.W.2d 125, 131 (Tex.1974); *Fitz–Gerald v. Hull*, 150 Tex. 39, 237 S.W.2d 256 (1951); *Hamblet v. Coveney*, 714 S.W.2d 126, 130 (Tex.App.— Houston [1st Dist.] 1986, writ ref'd n.r.e.). *See also Harris v. Sentry Title Co.*, 715 F.2d 941, 946 (5th Cir.1984) (a constructive trust is an equitable remedy based on the court's interest in preventing unjust enrichment rather than on any legally enforceable fiduciary relationships). We conclude therefore that the imposition of a constructive trust is a remedial matter. Accordingly, Texas law will be applied as matters of remedy are governed by the forum state's law.

While this opinion does not decide whether the facts warrant imposition of a constructive trust, we briefly analyze the necessary elements required to impose the remedy. Texas case law discussing constructive trusts demonstrates that courts generally require three elements before applying the remedy. These elements include: (1) breach of a long-standing fiduciary duty or fraud; (2) unjust enrichment of the wrongdoer; and (3) tracing to an identifiable res. (citations omitted). CCC bears the burden of proof on each element. The individual elements, in turn, embody distinct substantive rules. Accordingly, the substantive elements governing imposition of the constructive trust must be harmonized with choice of law rules.

█ CCC's complaint alleges actual fraud on the part of Cosmopolitan and Chester. In questions of fraud, choice of law rules provide that "if the plaintiff's action in reliance took place in the same state where the false representations were made, that state will provide the presumptive choice of law, subject to displacement if another state is shown to have a more

significant relationship." *Nelson v. Nationwide Mortgage Corp.*, 659 F.Supp. 611, 616 (D.C.1987) *citing* Restatement (Second) of Conflicts of Law § 148(1). All of the alleged misrepresentations and fraudulent conduct took place in Louisiana. Both the Lost Instrument Affidavits and Special Forms of Detached Assignment of United States Registered Securities documents were executed in Louisiana. The Joint Stipulation indicates that these documents furthered the alleged fraud. As a result, CCC actions in reliance occurred in Louisiana when it issued the Lost Securities Bonds, through its Attorney–In–Fact, David Judd Disiere. These facts indicate that Louisiana law presumptively applies to the issues of fraud and any unjust enrichment arising therefrom. While both Texas and Louisiana have significant state interests in protecting its citizens from fraud, the facts do not justify the conclusion that Texas has an overriding state interest in protecting CCC to overcome the presumption. Texas had no connection to the underlying transaction. Accordingly, the elements of fraud and any unjust enrichment arising therefrom, as each relates to the complaint for constructive trust relief, will be governed by Louisiana law.

█ As for the choice of law on the traceability of a res, the joint stipulation of facts indicates that the replacement certificates were sold by Merrill Lynch and the proceeds thereof were delivered to the Trustee in Texas. It is well settled that the law of the situs of a trust governs the trust. *In re Dolard*, 275 F.Supp. 1001 (C.D.Cal.1967). *See also Spindle v. Shreve*, 111 U.S. 542, 4 S.Ct. 522, 28 L.Ed. 512 (1884). Accordingly, as the putative trust res is located in Texas and subject to the jurisdiction of the Court, the law of Texas will be applied to the issue of traceability.

IT IS TO BE SO ORDERED in an order to be prepared by Mr. Richard G. Dafoe, attorney for CCC.